IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00227-MR

| | |
|---|---|
| DWIGHT A. RUDISILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MERRICK GARLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], pursuant to 28 U.S.C. §§ 1915A and 1915(e); Plaintiff's "Privacy Protection for Filings Made with the Court," [Doc. 4]; and Plaintiff's Motion to Appoint Marshal to Serve, [Doc. 11]. Plaintiff paid the filing fee after the Clerk denied his application to proceed in forma pauperis.[1] [Doc. 3; 1/5/2023 Docket Entry].

I. PROCEDURAL HISTORY

On July 8, 1998, the Plaintiff Dwight A. Rudisill ("Plaintiff") was charged in a four count Bill of Indictment with carjacking, using a firearm during a crime of violence, transporting a stolen vehicle in interstate commerce and

---
[1] Plaintiff appealed the Clerk's Order requiring payment of the full filing fee. [Doc. 16]. That appeal remains pending.

felony possession of a firearm, in violation of 18 U.S.C. §§ 2119, 924(c)(1), 2312, and 922(g), respectively.[2] [Criminal Case No. 4:98-cr-212 ("CR"), Doc. 1]. Plaintiff pled guilty to the charge of carjacking pursuant to a plea agreement and, in exchange, the Government dismissed the remaining three counts. [CR Doc. 14]. In accordance with the terms of the plea agreement, the Plaintiff was sentenced to three hundred months' imprisonment. [CR Doc. 21]. He filed a direct appeal and, on May 15, 2000, the Fourth Circuit vacated Plaintiff's conviction because the Indictment did not contain a recitation that serious bodily injury had occurred during the carjacking offense to which the Plaintiff pled guilty. United States v. Rudisill, No. 99-4588, 2000 WL 620314 (4th Cir. May 15, 2000) (citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 (1999)). Rather, the Plaintiff only pled guilty to a violation of 18 U.S.C. § 2119(1), which does not include the element of serious bodily injury. The Fourth Circuit held, therefore, that the sentence was erroneously imposed. Id.

On remand, the Government successfully moved to set aside the plea agreement to reinstate the three counts previously dismissed against Petitioner. [CR Doc. 34]. In August 2000, Petitioner was charged in a

---

[2] Some of the statutory citations have changed since Petitioner's indictment. The Court cites the statutes in their current form.

Superseding Bill of Indictment with one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), one count of transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, and one count of felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 35]. After a jury trial, Petitioner was found guilty of all three counts and was sentenced on October 31, 2001 to 465 months' imprisonment. [CR Docs. 55, 63]. Petitioner did not appeal his conviction or sentence. [See CR Doc. 59]. Since then, Petitioner has thrice unsuccessfully moved pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction or sentence. [Civil Case No. 1:09-cv-262, Docs. 1, 2; Civil Case No. 1:10-cv-253, Docs. 1, 3; Civil Case No. 1:19-cv-112, Docs. 1, 9].

In March 2022, Plaintiff filed an unverified Petition to Perpetuate Testimony pursuant to Rule 27(a) of the Federal Rules of Civil Procedure. [Civil Case No. 1:22-mc-00015-MR-WCM ("CV"), CV Doc. 2-4; see CV Doc. 2-8]. In that petition, Plaintiff sought to perpetuate testimony of Assistant United States Attorney (AUSA) David A. Brown in relation to Brown's knowledge of and role in the criminal charges against Plaintiff for violation of 18 U.S.C. § 2119 "or any other federal offense," including the related grand jury proceeding. [CV Doc. 2-4 at 3]. Plaintiff stated that he expected to bring

an action in this Court "under the Federal Tort Claims Act, pursuant to 28 U.S.C. §2671 et seq., the Westfall Act, and the Civil Rights Act pursuant to 42 U.S.C. §1891 et seq.," [CV Doc. 2-4 at 2], against the United States and that he could not bring such action until his claim were administratively adjudicated.[3]  [Id.; see Doc. 2-8 at 4].  The Court denied Plaintiff's Rule 27(a) petition to perpetuate testimony for the reasons stated in the Court's Order. [CV Doc. 5].  Plaintiff appealed, [CV Doc. 7], and the Fourth Circuit affirmed, [CV Doc. 10].

Plaintiff now files the instant Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1 at 4].  Plaintiff names the following Defendants: (1) Merrick Garland, in his official capacity as Attorney General, United States Department of Justice; (2) David Alan Brown, Sr., identified as an AUSA; (3) Jerry W. Miller, also identified as an AUSA; (4) John Doe Defendants,

---

[3] Plaintiff submitted an administrative tort claim dated November 23, 2021 for $21,000,000.00, to the Administrative Office of the Courts ("AO") and the Department of Justice ("DOJ").  [See CV Doc. 2-8 at 2-4].  On April 11, 2022, the AO notified Plaintiff of its full denial of Plaintiff's claim.  [Doc. 1-5 at 8].  On August 18, 2022, the DOJ notified Plaintiff of its denial of Plaintiff's claim, which had been made "relative to the alleged acts or omissions of employees of the U.S. Attorney's Office for the Western District of North Carolina, the U.S. Marshals Service, and the Federal Bureau of Investigation." [Doc. 1-5 at 9; see Doc. 1-1 at 23].  The DOJ determined that Plaintiff's claim was "not compensable." [Doc. 1-5 at 9].  The DOJ also advised Plaintiff of his right to file suit with this Court within six months if he were dissatisfied with the denial of his claim.  [Id. (citing 28 U.S.C. § 2401(b))].

4

identified as unknown U.S. Marshals; (5) Lacy H. Thornburg, Retired United States District Court Judge; and (6) Max O. Cogburn, then serving as a United States Magistrate Judge.[4] [Doc. 1-1 at 2; Doc. 1 at 2-4]. Other than Defendant Garland, Plaintiff sues the Defendants in their individual capacities only. [Id.].

Plaintiff alleges, in sum, that the individual Defendants' conduct, which he alleges occurred between July 1998 and November 2001, resulted in Plaintiff's "malicious arrest" and false imprisonment. [See Docs. 1, 1-1]. Plaintiff alleges that this conduct consisted of and/or resulted in Plaintiff's unlawful arrest and plea to the carjacking charge under 18 U.S.C. § 2119, entry of a void judgment and illegal sentence on that charge, misconduct relative to setting aside the plea agreement, reinstatement of and conduct of trial on previously dismissed charges, entry of a second judgment reliant on the original void judgment, and/or active concealment of material facts.[5] [See Doc. 1-1 at 4-7]. Plaintiff also alleges that Defendant Garland "omitted to investigate the official acts, records, and accounts of these Assistant

---

[4] Plaintiff also references "Defendant Logan" in the body of the Complaint, but Plaintiff does not list him/her in the case caption or in the paragraphs identifying the Defendants. [Doc. 1-1 at 5; see id. at 1-2].

[5] Plaintiff also alleges that Defendant Logan "fabricated evidence by and through the presentence report, wherein, predicate facts were asserted that had no evidentiary support." [Doc. 1-1 at 5].

5

United States Attorneys, Marshals, and other trustee-agents executing the administration of plaintiff's estate." [Id. at 7]. Plaintiff claims that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments and 18 U.S.C. §§ 3044, 3046, 3362, 3438, 3584, and 3626 were violated by this conduct. [Doc. 1 at 4; see Doc. 1-1 at 8-20]. For relief, Plaintiff seeks $21,000,000.00 in compensatory damages and a preliminary injunction. [Doc. 1 at 20-23, 25-26].

## II. ANALYSIS

Plaintiff brings his Complaint pursuant to Bivens. A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official

6

capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86).

Plaintiff's Complaint fails initial review for several reasons.

First, Plaintiff seeks recovery for "malicious arrest" and false imprisonment under Bivens. In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the

7

absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added); see Poston v. Shappert, 22 Fed. App'x 301, at *1 (4th Cir. 2007) (applying Heck rationale to bar claims for damages under § 1983 and Bivens). Given the nature of Plaintiff's allegations, a judgment in his favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated and the Court's records confirm Plaintiff's conviction and sentence remain undisturbed. See Wiley v. Buncombe County, No. 1:10cv181, 2011 WL 3323152, at *4 (W.D.N.C. Aug. 2, 2011) (noting that court may take judicial notice of matters of public record). Therefore, Plaintiff's Complaint is barred by Heck and will be dismissed.

Second, as noted, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See Meyer, 510 U.S. at 475, 484-86. As such, Defendant Garland is not a proper Defendant in this matter and will also be dismissed on this ground.

Third, the other Defendants, identified as judges, prosecutors, and unidentified U.S. Marshals, are immune from suit. See Stump v. Sparkman, 435 U.S. 349, 359 (1996); Imbler v. Pachtman, 424 U.S. 409, 419 (1976); Holder v. U.S. Marshals Office, No. 5:16-CV-00145, 2016 WL 3919502, at

8

Case 1:22-cv-00227-MR Document 19 Filed 01/24/23 Page 8 of 11

*3 (E.D.N.C. May 17, 2017); Butz v. Economou, 438 U.S. 478, 500-01 (1978) (recognizing that immunities available to federal officials in Bivens are largely analogous to those available to state officers in § 1983 actions). These Defendants, therefore, will also be dismissed on this ground.[6]

As such, Plaintiff has failed to state any claim upon which relief may be granted and has failed initial review. The Court will dismiss Plaintiff's Complaint. The dismissal is without prejudice only as to Plaintiff's ability to refile an action for false imprisonment against proper defendants only if and when his federal conviction is overturned and the Complaint, therefore, is not barred by Heck.[7] Moreover, because Plaintiff has not stated a claim for relief in the first place, the Court declines to specifically address his request for injunctive relief.

## IV. PLAINTIFF'S MOTIONS

Also pending is Plaintiff's "Privacy Protection for Filings Made with the Court," [Doc. 4], and supporting Memorandum, [Doc. 4-1], which the Court collectively construes as a motion to seal. Plaintiff asks the Court to seal his

---

[6] To the extent Plaintiff sought or intended to include "Defendant Logan" as a Defendant in this matter, he/she would also be dismissed on these grounds. The sealed Court records show that Logan would also be immune from suit under quasi-judicial immunity.

[7] The Court makes no determination regarding the availability of Bivens relief under the facts alleged and constitutional violations claimed.

9

Birth Certificate, which he sought to file as Exhibit B to his motion,[8] pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. [Doc. 4-1 at 2; Doc. 4 at 1]. Plaintiff states that justice would be served by protecting his personal identifying information. [Id.]. Rule 5.2(d) allows the Court to order that a document containing certain personal identifying information identified in Rule 5.2(a), including an individual's full birthdate, to be filed under seal without redaction. Fed. R. Civ. P. 5.2(a), (d). The Court, therefore, will grant Plaintiff's motion and order that Docket No. 2, which contains Plaintiff's full birthdate, remain under seal.

Plaintiff also moves the Court to appoint a U.S. Marshal to effect service in this matter. [Doc. 11]. The Court will deny this motion as moot.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails initial review and will be dismissed without prejudice in accordance with the terms of this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's

---

[8] The Clerk inadvertently filed Exhibit B as a separate, sealed docket entry unrelated to the instant motion. [See Doc. 2; see also Doc. 1-4].

failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with and as limited by the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 4] is **GRANTED** and Docket No. 2 shall remain under seal.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 11] is **DENIED**.

The Clerk is respectfully instructed to terminate these proceedings.

**IT IS SO ORDERED**.

Signed: January 23, 2023

Martin Reidinger
Chief United States District Judge